UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-CV-2687

FRANCISCO MATDONADO,

      Plaintiff,

vs.

TRUST ROOFING, INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, Francisco Matdonado, sues Defendant, Trust Roofing, Inc., as follows:

### Parties, Jurisdiction, and Venue

1.    **Plaintiff, Francisco Matdonado,** is over 18 years old and has been a *sui juris* resident of Pinellas County, Florida, at all times material.

2.    **Defendant, Trust Roofing, Inc.,** who formerly conducted business as T & G Roofing Company, Inc., is a *sui juris* Florida for-profit company authorized to conduct, and that conducted, its roofing business in Pinellas County, Florida, where it maintains its principal place of business.

1

3.      Winnie Scherer and Robin Scherer are officers of the Defendant's corporation and actively directed the Defendant, its policies, procedures, and personnel.

4.      Defendant employed at least 50 employees for at least 20 weeks during each week relevant to the claims brought by Mr. Matdonado, including from 2022 through 2024.

5.      Defendant was and is responsible for the conduct, acts, and omissions of and by its officers, directors, owners, managers, supervisors, employees, and agents at all times material to this action.

6.      This Court has original jurisdiction over Plaintiff's federal question claim under 29 U.S.C. §2601, *et. seq*, 28 U.S.C. §1331 and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim under 28 U.S.C. §1367.

7.      Venue is proper under 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District and maintains its principal place of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all operational decisions were made in this District.

8.      Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

2

*Background Facts*

9.      Mr. Matdonado started working for Defendant as a "foreman" and/or "lead project manager" on July 18, 2022, according to the records maintained by Defendant.

10.      Besides paying Mr. Matdonado $53 per hour, Defendant also provided him with work-related benefits, such as $200/month towards housing, paid time off, and medical and dental insurance.

11.      Mr. Matdonado was a good employee of Defendant who professionally performed his assigned duties, was competent in his performance, performed his job well, and completed his work duties to Defendant's satisfaction.

12.      Defendant provided Mr. Matdonado a letter signed by Winnie Scherer and Robin Scherer, its owners, supportive of his work performance on April 12, 2024, stating as follows:

> To whom it may concern,
>
> Francisco Matdonado has worked with us for four years. During this time, he has shown himself to be an excellent roofer. We welcome a call to give Francisco a reference should you need any further information. He worked in the capacity as a foreman, so therefore, we are also recommending that he is entitles to get a contractor's license. This letter verifies that this is the case.

13.      Mr. Matdonado suffered a workplace accident on or about November 2023, when he injured his right shoulder while performing work on a roof in the

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

course and scope of his employment for Defendant.

14.     Upon injuring his right shoulder, Mr. Matdonado promptly notified Defendant about his work injury and resultant pain, including by notifying Jared (Project Manager employed by Defendant), Winnie Scherer, and Robin Scherer.

15.     Defendant did not direct Mr. Matdonado to receive any medical care or treatment or provide him with any information about his rights under the FMLA or the Florida Workers' Compensation Act – and instead ignored Mr. Matdonado's complaints and his rights.

16.     Mr. Matdonado requested time off from the Defendant (Mr. Scherer) because of the work-related injuries he suffered, but Mr. Scherer insisted that Mr. Matdonado continue working without receiving medical treatment, without notifying him of his rights (regarding FMLA or workers' compensation), and without giving him any of the time off Mr. Matdonado requested.

17.     Mr. Matdonado persisted in telling Defendant about the pain, suffering, and limitations posed by his work-related shoulder injuries until Defendant ultimately notified its workers' compensation insurance carrier (Broadspire on December 15, 2023, of the claim for Mr. Matdonado's work-related injury.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

18.     Mr. Matdonado then got medical care and treatment at the Defendant's insurer's expense.

19.     Mr. Matdonado's medical care and treatment involved evaluations, diagnostic imaging, follow-up visits, suggested medical management, and a referral to physical therapy.

20.     Mr. Matdonado's health care providers limited his ability to use his right shoulder at work, and those limitations were provided to the Defendant.

21.     Mr. Matdonado continued performing his work for Defendant through January 2024, during which time Defendant did not respect the known limitations imposed by Mr. Matdonado's healthcare providers, instead requiring him to climb ladders, bring and carry heavy roofing materials (including up a two-story stairway) using both hands, and tear off roofing material with both hands while using a 30lb bar.

22.     Despite Mr. Matdonado telling Defendant that he could not actively engage in tear-off, Defendant told Mr. Matdonado "don't just stand there" (and supervise) and to instead "start working" –  compelling him to tear off roofing material as directed by Defendant.

23.     Mr. Matdonado complied with the Defendant's instructions and

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

directions, even though they exceeded his restrictions, out of fear that he would be fired if he did not perform the work as directed.

24.     In January 2024, Mr. Matdonado either further aggravated his right shoulder injury suffered in November 2023, or he suffered a new right shoulder injury, again while acting within the course and scope of his employment for Defendant.

25.     Shortly after sustaining his work-related injury in January 2024, Mr. Matdonado again notified the Defendant that he was hurt.

26.     Despite the January 2024 work injury and/or aggravation of his prior injury from November 2023, Defendant ignored Mr. Matdonado's work-related restrictions and required him to perform the following work that exceeded his restrictions:

a)     Carrying iso-boards (which measure 4′ by 4′) (using both hands/arms)

b)     Carrying buckets of foam (using both hands)

c)     Carrying ladders (using both hands)

d)     Moving the chute (using both hands)

e)     Assisting others in carrying TPO (rubber roofing membrane)

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

rolls (using both hands)

    f)     Operating a roof router (using both hands)

    g)    Engaging in roof tear-off (using both hands to use 30lb. bar)

27.    These activities caused Mr. Matdonado pain during and after work and exaggerated his pain and injuries and prolonged his suffering and recovery.

28.    Mr. Matdonado continued to complain to the Defendant, but it insisted he continue to perform activities beyond his restrictions.

29.    On February 11, 2024, Mr. Matdonado's healthcare providers restricted him from using his right shoulder <u>at all</u> and these restrictions were communicated to Defendant.

Patient Name: **Francisco Matdonado**  Patient Social Security #:        D/A:    Visit/ Review Date : **2/21/2024**
Assignment of limitations or restrictions must be based upon the injured employee's specific clinical dysfunction or status related to the work injury. However, the presence of objective relevant medical findings does not necessarily equate to an automatic limitation or restriction in function.
☐ 21. No functional limitations identified or restrictions prescribed as of the following date.
☐ 22. The injured workers' functional limitations and restrictions, identified in detail below, are of such severity that he/she cannot perform activities, even at a sedentary level (e.g. hospitalization, cognitive impairment, infection, contagion), as of the following date
☒ 23. *The injured worker may return to activities so long as he/she adheres to the functional limitations and restrictions identified below. Identify ONLY those functional activities that have specific limitations and restrictions for this patient. Identify joint and/or body part.* **Right shoulder**

30.    Mr. Matdonado reported that his pain remained at an 8/10 through February 21, 2204, which worsened with any movement and which did resolve with physical therapy.

31.    Mr. Matdonado's right shoulder injury was not only painful, it not only limited his ability to use his right upper extremity, but it was so severe that it

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

required surgical intervention on March 5, 2024, to repair the right shoulder rotator cuff tear he suffered while working.

32.     Mr. Matdonado's post-operative instructions included using a sling full time, no "use or movement" of his right arm/shoulder, remaining off work for two weeks until his next post-operative appointment on March 27, 2024, and to take Percocet as prescribed.

33.     Defendant, however, disregarded the post-operative convalescent (no-work) period prescribed by Mr. Matdonado's health care providers, of which it was aware, and directed Mr. Matdonado to return to work shortly after his surgery.

34.     Defendant required Mr. Matdonado to drive on March 7, 2024, which was during his convalescent period.

35.     On that date, Mr. Matdonado was unable to drive and was in such bad shape that another one of Defendant's employees had to assume the driving responsibilities from Mr. Matdonado for the remainder of the day.

36.     Mr. Matdonado contacted Mr. Scherer to advise that he was unable to complete his driving responsibilities on March 7, 2024, to which Mr. Scherer instructed Mr. Matdonado that "you need to find a solution."

37.     On March 11, 2024, Mr. Matdonado's treating healthcare providers

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

indicated that he still could not perform any activities, and these restrictions were communicated to the Defendant.

Patient Name: **Francisco Matdonado**   Patient Social Security #:                                    D/A:              Visit/ Review Date : **3/11/2024**
Assignment of limitations or restrictions must be based upon the injured employee's specific clinical dysfunction or status related to the work injury. However, the presence of objective relevant medical findings does not necessarily equate to an automatic limitation or restriction in function.
☐ 21. No functional limitations identified or restrictions prescribed as of the following date.
☒ 22. The injured workers' functional limitations and restrictions, identified in detail below, are of such severity that he/she cannot perform activities, even at a sedentary level (e.g. hospitalization, cognitive impairment, infection, contagion), as of the following date    **Right shoulder**
☐ 23. The injured worker may return to activities so long as he/she adheres to the functional limitations and restrictions identified below. Identify ONLY those functional activities that have specific limitations and restrictions for this patient. Identify joint and/or body part.

38.     Defendant's workers' compensation carrier communicated to it that Mr. Matdonado was to use a sling full time, to remain off work for two weeks until his next post-operative appointment on March 27, 2024, that he was prescribed Percocet, and that he would not reach his projected maximum medical improvement (*i.e.*, his full recovery) for approximately 6 months to one year, but that Mr. Matdonado was "eager to return to work."

39.     Afterwards, Mr. Matdonado met with Mr. and Mrs. Scherer at a restaurant and told them he was "trying to get well."

40.     Mr. Scherer told Mr. Matdonado that he "makes too much money to be put on light duty."

41.     Mr. Matdonado then hired counsel who filed a Petition for Benefits under Chapter 440, Florida Statutes.

42.     Mr. Scherer then attempted to convince Mr. Matdonado not to pursue

any other claims (with the exception of his pending workers' compensation claim) in exchange for "whatever you want" and that "you know I'm going to pay you" and that "I just don't want you to sue the company."

43.     Mr. and Mrs. Scherer later came to Mr. Matdonado's home with a check for $20,000 and a proposed Confidential Separation Agreement and General Release dated April 11, 2024, intending to indicate that Mr. Matdonado resigned, and to extinguish any claim that Mr. Matdonado could bring against Trust Roofing, Inc. (other than his pending workers' compensation claim), through a general release, but Mr. Matdonado did not sign it.

44.     All conditions precedent were performed by Mr. Matdonado, occurred, or were waived by Defendant.

## COUNT I – INTERFERENCE WITH FMLA RIGHTS

Plaintiff, Francisco Matdonado, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

45.     Mr. Matdonado worked more than 1250 hours in each relevant 12-month period, making him eligible for leave under the FMLA.

46.     Mr. Matdonado informed Defendant that he would need to miss work

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

on an urgent and unexpected basis to obtain medical care resulting from the injuries he sustained while working for Defendant.

47.    Mr. Matdonado notified Defendant of his need to take a leave of absence either upon or shortly after learning of the need to take leave, which was unforeseeable.

48.    Mr. Matdonado also notified Defendant of his need to take a leave of absence for his surgery and subsequent convalescent recovery period.

49.    By informing Defendant of his need to miss work due to the serious health condition(s), Mr. Matdonado was entitled to receive the protected medical leave required by the FMLA.

50.    Mr. Matdonado's injuries qualified as a "serious health condition" under the FMLA because his injuries required continuing treatment from his health care providers, multiple treatments to receive treatment from his health care providers, and/or required him to miss work for three consecutive days.  *See* 29 C.F.R. §§825.113, 825.115.

51.    Defendant interfered with Mr. Matdonado's ability to take intermittent and/or extended FMLA leave. *But see* 29 U.S.C. §2615.

52.    By interfering with the protected leave Mr. Maldonado was entitled to

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

take under the FMLA, Defendant violated the FMLA.

53.     Mr. Matdonado retained the undersigned counsel and agreed to pay his counsel a reasonable fee for all services rendered.

54.     Defendant lacked a reasonable or good faith basis for interfering with Mr. Matdonado's entitlement to take FMLA leave.

55.     As a direct and proximate result of Defendant's interference with the protected leave to which Mr. Matdonado was entitled under the FMLA, he suffered damages, including lost wages and benefits, liquidated damages, attorney's fees, and costs.

WHEREFORE Plaintiff, Francisco Matdonado, demands the entry of a judgment in his favor and against Defendant, Trust Roofing, Inc., after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, liquidated damages, his attorneys' fees under the FMLA, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## <u>COUNT II – FAILURE TO NOTIFY OF FMLA RIGHTS</u>

Plaintiff, Francisco Matdonado, reincorporates and re-alleges paragraphs 1 through 44 as though set forth fully herein and further alleges as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

56.    Mr. Matdonado worked more than 1250 hours in each relevant 12-month period, making him eligible for leave under the FMLA.

57.    Mr. Matdonado informed Defendant that he would need to miss work on an urgent and unexpected basis to obtain medical care resulting from the injuries he sustained while working for Defendant.

58.    Mr. Matdonado notified Defendant of his need to take a leave of absence either upon or shortly after learning of the need to take leave, which was unforeseeable.

59.    Mr. Matdonado also notified Defendant of his need to take a leave of absence for his surgery and subsequent convalescent recovery period.

60.    By informing Defendant of his need to miss work due to the serious health condition(s), Mr. Matdonado was entitled to receive notice of his rights under the FMLA.

61.    Mr. Matdonado's injuries qualified as a "serious health condition" under the FMLA because his injuries required continuing treatment from his health care providers, multiple treatments to receive treatment from his health care providers, and/or required him to miss work for three consecutive days. *See* 29 C.F.R. §§825.113, 825.115.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

62.     Despite its knowledge of Mr. Alfonso's qualifying event for FMLA, Defendant failed to (a) provide Mr. Alfonso notice that the leave he requested would qualify as protected leave under the FMLA, (b) notify him of his right to take FMLA leave, and (c) provide him with any paperwork concerning his FMLA rights. *See* 29 C.F.R. §825.300.

63.     Defendant also failed to notify Mr. Matdonado that he could take extended or intermittent FMLA leave FMLA. *See* 29 C.F.R. §825.300.

64.     Instead of providing Mr. Matdonado with written FMLA notice of his rights under the FMLA, Defendant attempted to avoid Mr. Matdonado finding out that he had certain rights under the FMLA. *But see* 29 U.S.C. §2615.

65.     Mr. Matdonado retained the undersigned counsel and agreed to pay his counsel a reasonable fee for all services rendered.

66.     Defendant lacked a reasonable or good faith basis for failing to notify Mr. Matdonado of his rights under the FMLA leave.

67.     As a direct and proximate result of Defendant's failure to notify Mr. Matdonado of his rights under the FMLA, he suffered damages, including lost wages and benefits, liquidated damages, attorney's fees, and costs.

WHEREFORE Plaintiff, Francisco Matdonado, demands the entry of a

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

judgment in his favor and against Defendant, Trust Roofing, Inc., after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, liquidated damages, his attorneys' fees under the FMLA, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

<u>COUNT III – UNLAWFUL FMLA RETALIATION</u>

Plaintiff, Francisco Matdonado, reincorporates and re-alleges paragraphs 1 through 44 as though set forth fully herein and further alleges as follows:

68.     Mr. Matdonado worked more than 1250 hours in each relevant 12-month period, making him eligible for leave under the FMLA.

69.     Mr. Matdonado informed Defendant that he would need to miss work on an urgent and unexpected basis to obtain medical care resulting from the injuries he sustained while working for Defendant.

70.     Mr. Matdonado notified Defendant of his need to take a leave of absence either upon or shortly after learning of the need to take leave, which was unforeseeable.

71.     Mr. Matdonado also notified Defendant of his need to take a leave of absence for his surgery and subsequent convalescent recovery period.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

72.     By informing Defendant of his need to miss work due to the serious health condition(s), Mr. Matdonado was entitled to receive notice of his rights under the FMLA.

73.     Mr. Matdonado's injuries qualified as a "serious health condition" under the FMLA because his injuries required continuing treatment from his health care providers, multiple treatments to receive treatment from his health care providers, and/or required him to miss work for three consecutive days. *See* 29 C.F.R. §§825.113, 825.115.

74.     After Defendant provided Mr. Matdonado with a brief leave to undergo surgery, Defendant retaliated against Mr. Matdonado by constructively terminating his employment by failing to offer him light-duty work and removing him from Defendant's work schedule because he requested a medical leave of absence. *But see* 29 U.S.C. §2615.

75.     Mr. Matdonado retained the undersigned counsel and agreed to pay his counsel a reasonable fee for all services rendered.

76.     Defendant lacked a reasonable or good faith basis for retaliating against Mr. Matdonado for taking a leave of absence to which he was entitled to receive under the FMLA leave.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

77.    As a direct and proximate result of Defendant's retaliatory conduct, Mr. Matdonado suffered damages, including lost wages and benefits, liquidated damages, attorney's fees, and costs.

WHEREFORE Plaintiff, Francisco Matdonado, demands the entry of a judgment in his favor and against Defendant, Trust Roofing, Inc., after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, to be placed in the position he would be in but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, liquidated damages, his attorneys' fees under the FMLA, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT IV – VIOLATION(S) OF FLA. STAT. §440.205

Plaintiff, Francisco Matdonado, reincorporates and re-alleges paragraphs 1 through 44 as though set forth fully herein and further alleges as follows:

78.    Mr. Matdonado promptly informed Defendant of his work injury by text and phone to avail himself of the benefits available to injured workers under Florida's Workers' Compensation Act, Chapter 440, Florida Statutes.

79.    Section 440.185, Florida Statutes, required the Defendant to not only

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

notify its workers' compensation insurance carrier of Mr. Matdonado's injuries suffered in November 2023 (in a First Report of Injury or Illness) within seven days but also to provide Mr. Matdonado with a copy of that same written notification report within that timeframe.

80.     Defendant did not comply with Fla. Stat. §440.185 upon being notified by Mr. Matdonado that he suffered a work-related injury in November 2024; it did not timely notify its workers' compensation insurance carrier of his work-related injuries until December 15, 2023; it failed to provide Mr. Matdonado with a copy of the written report sent to its insurance carrier, and it failed to notify him of his statutory right to receive medical care and treatment (and the other benefits afforded to injured workers under Florida's Workers' Compensation Act) for several weeks while he remained in pain and complaining about his work-related injuries.

81.     Mr. Matdonado requested that Defendant provide him with "light duty" work after he received surgery through Defendant's workers' compensation insurer to accommodate his work restrictions.

82.     Rather than offer Mr. Matdonado light duty work that would have accommodated his restrictions, it took actions violative of Fla. Stat. §440.205.

83.     Defendant threatened and coerced Mr. Matdonado not to pursue his

18

claim for workers' compensation, even going so far as to offer him money if he would drop his workers' compensation claim.

84.     As a direct and proximate result of Mr. Matdonado making and pursuing a valid claim for Workers' Compensation benefits, timely reporting his work accident and resultant injuries, and his requesting accommodations/restrictions of "light duty" as required by the workers' compensation physicians, Defendant took retaliatory actions against Mr. Matdonado that included and culminated with the constructive termination of his employment.

85.     Defendant's retaliatory actions against Mr. Matdonado were designed to discourage him and its employees from claiming (or attempting to claim) workers' compensation benefits when suffering work-related injuries, from continuing to pursue claims for workers' compensation benefits, and/or were financially motivated.

86.     Mr. Matdonado lost his job, wages, fringe benefits, and paid time off, suffered emotional distress, humiliation, and mental anguish, and was damaged as a direct and proximate result of Defendant's unlawful, retaliatory conduct described above.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

87.    Defendant, through Mr. and/or Mrs. Scherer, intentionally and maliciously intended to discourage, coerce, and retaliate against Mr. Matdonado for attempting to pursue and for pursuing his claim for workers' compensation, in part due to the financial impact a claim would have on the Defendant's workers' compensation premiums, prolonging and exaggerating his pain and suffering, and to the detriment of Mr. Matdonado.

88.    In light of the severity of Defendant's conduct, as measured against the bounds of decency and the injuries, pain, suffering, mental anguish, emotional distress, and the intended adversity that Defendant intentionally caused Mr. Matondado, punitive damages are properly awarded to Mr. Matdonado and against the Defendant.

WHEREFORE Plaintiff, Francisco Matdonado, demands the entry of a judgment against Defendant, Trust Roofing, Inc., for reinstatement, compensatory damages including lost wages, lost benefits, lost seniority rights, and other remuneration (including paid time off), mental anguish, pain and suffering, punitive damages, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff, Francisco Matdonado, demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of November 2024.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*