UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:24-CV-02687-WFJ-AAS

FRANCISCO MATDONADO,

    Plaintiff,

v.

TRUST ROOFING, INC.

    Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, TRUST ROOFING, INC. ("Defendant"), by and through the undersigned counsel, and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, hereby files Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint, and states as follows:

1. On November 18, 2024, Plaintiff filed the Complaint (Dkt. No. 1).

2. Defendant was served with the Complaint on November 21, 2024, making December 12, 2024 the deadline for Defendant's response.

3. On December 10, 11 and 12, 2024, Defendant's counsel reached out to Plaintiff's counsel via e-mail to confer on a motion for extension of time to respond to the Complaint.

4. Undersigned counsel is working with his client to get up to speed on the matter and confirm how to proceed, including a potential early resolution.

5. In light of the above, Defendant requests that the Court grant Defendant an extension of time of fourteen (14) days up to and including December 26, 2024 to respond to the Complaint.

6. On December 12, 2024, Defendant's counsel conferred with Plaintiff's counsel regarding the relief requested in the instant Motion, and Plaintiff does not oppose the relief requested herein.

7. Defendant is not requesting an extension of time for any improper purpose or delay.

8. The requested extension will not prejudice any party. Indeed, Plaintiff does not oppose the relief requested in this Motion.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "the court may, for good cause, extend the time [to file] . . . on motion made after the time has expired if they party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "In determining whether to grant a motion to extend deadlines under Rule 6(b)(1)(B), courts must consider: the danger of prejudice to the opposing party; the length of delay and its potential impact on the judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith." Sapphire Int'l Group, Inc. v. Allianz Global Risks US Ins. Co.,

CASE NO. 18-CV-80101-DMM, 2018 WL 8344838, at *1 (S.D. Fla. Sep. 26, 2018) (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993); <u>Rance v. Rock Solid Granit USA, Inc.</u>, No. 08-21639-CIV, 2011 WL 906643, at *1 (S.D. Fla. 2011). In this case, there is no prejudice to the opposing party because, if the Court grants this Motion, Plaintiff will have a full and fair opportunity to prosecute his claims and have them heard by the Court. Moreover, Plaintiff does not oppose the relief requested in this motion. Defendant submits that granting the extension requested in this Motion will not impact judicial proceedings because no pretrial or trial deadlines have been set in this case. Rather, extending Defendant's deadline to respond to the Complaint will give Defendant a reasonable amount of time to properly formulate a response on the merits. Accordingly, good cause exists for granting the requested extension.

WHEREFORE, Defendant respectfully requests that the Court enter an order granting the instant Motion, extending the deadline for Defendant to respond to the Complaint by fourteen (14) days from December 12, 2024, up to and including December 26, 2024, and providing any other relief the Court deems just and proper.

### **LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), Defendant's counsel certifies that he conferred with Plaintiff's counsel via e-mail on December 10, 11 and 12, 2024, regarding the relief requested in the instant Motion, and Plaintiff's counsel does not object to the relief requested herein.

Dated this 12th day of December, 2024.

Respectfully submitted,

*/s/ Benjamin S. Briggs*
BENJAMIN S. BRIGGS
Florida Bar No. 113814
TIFFANY M. LOVE
Florida Bar No. 1038746
**ADAMS AND REESE LLP**
100 N. Tampa Street, Suite 4000
Tampa, Florida 33602
Tel: (813) 402-2880 / Fax: (813) 402-2887
Ben.briggs@arlaw.com
Tiffanym.love@arlaw.com
Elaine.glotz@arlaw.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the CM/ECF System, which will automatically serve a copy via electronic mail delivery to all counsel of record, on this 12th day of December, 2024.

*/s/ Benjamin S. Briggs*
Attorney