UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:24-CV-02687-WFJ-AAS

FRANCISCO MATDONADO,

     Plaintiff,

v.

TRUST ROOFING, INC.,

     Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, DEFENDANT, TRUST ROOFING, INC., by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff, FRANCISCO MATDONADO'S, Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Defendant admits Plaintiff is over 18 years old. Defendant is without sufficient knowledge regarding the remaining allegations set forth in paragraph 1 and, thus, denies the same.

2. Admit.

3. Admit that Winnie Scherer and Robin Scherer are currently officers of Defendant's corporation. Defendant is without knowledge as to the intended meaning of the phrase "actively directed the Defendant, its policies, procedures, and personnel"

as used in paragraph 3 of the Complaint and, thus, cannot admit or deny the remaining allegations in paragraph 3.

4.    Deny.

5.    Paragraph 5 states a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the same while also noting that Defendant is without knowledge as to the intended meaning of the phrase "at all times material to this action" as used in paragraph 5 of the Complaint.

6.    Paragraph 6 states a legal conclusion to which no response is required. To the extent any response is required, Defendant admits the allegations contained in paragraph 6 for jurisdictional purposes only.

7.    Defendant admits the allegations contained in paragraph 7 for purposes of venue only.

8.    Defendant is without knowledge as to the intended meaning of the term "condition(s) precedent," as it is used in paragraph 8 of the Complaint and therefore denies the allegations contained in that paragraph.

## **BACKGROUND FACTS**

9.    Deny.

10.    Paragraph 10 of the Complaint sets forth allegations without any corresponding date or time period.  As such, Defendant is without sufficient knowledge regarding the allegations and, thus, denies the same.

11.    Deny.

12.     Paragraph 12 of the Complaint appears to paste a partial excerpt of a document without attaching or incorporating a full, true, and accurate copy of the same.  Therefore, Defendant denies the allegations as set forth in paragraph 12.

13.     Defendant is without sufficient knowledge as to the allegations set forth in paragraph 13 and, thus, denies the same.

14.     Defendant denies and notes that it is without sufficient knowledge of Plaintiff's purported injury and date thereof.

15.     Paragraph 15 of the Complaint sets forth allegations without any corresponding date or time period.  As such, Defendant is without sufficient knowledge regarding the allegations and, thus, denies the same.  Answering further, Defendant denies that Defendant unlawfully denied or interfered with any rights Plaintiff purportedly had under the Family and Medical Leave Act ("FMLA") or Florida's Workers' Compensation Law and denies that Defendant ignored any "complaints" Plaintiff supposedly made to Defendant regarding the same.

16.     Paragraph 16 of the Complaint sets forth allegations without any corresponding date or time period.  As such, Defendant is without sufficient knowledge regarding the allegations and, thus, denies the same.  Answering further, Defendant denies that Mr. Scherer ever unlawfully denied or interfered with any rights Plaintiff purportedly had under the FMLA or Florida's Workers' Compensation Law.

17.     Paragraph 17 of the Complaint sets forth allegations without any corresponding date or time period and without identify the person(s) to whom Plaintiff supposedly reported his alleged "pain, suffering, and limitations posed by his" alleged

"work-related shoulder injuries." As such, Defendant is without sufficient knowledge regarding the allegations and, thus, denies the same. Answering further, Defendant denies that it unlawfully denied or interfered with any rights Plaintiff purportedly had under the FMLA or Florida's Workers' Compensation Law.

18.    Paragraph 18 of the Complaint sets forth allegations without any corresponding date or defined time period and without identifying the provider(s) of the alleged medical care and treatment; as such, Defendant is without sufficient knowledge regarding the allegations and, thus, denies the same. Answering further, Defendant admits that Plaintiff submitted a workers' compensation insurance claim, through which he reported an alleged work-related injury that allegedly required medical treatment. Defendant is without sufficient knowledge regarding whether Plaintiff actually received said treatment and the remaining allegations set forth in paragraph 18 and, thus, denies the same.

19.    Paragraph 19 of the Complaint sets forth allegations without any corresponding date or defined time period and without identifying the provider(s) of the alleged medical care and treatment; as such, Defendant is without sufficient knowledge regarding the allegations and, thus, denies the same. Answering further, Defendant is without sufficient knowledge regarding the medical care and treatment Plaintiff actually received and, thus, denies the allegations set forth in paragraph 19 of the Complaint.

20.    Paragraph 20 of the Complaint sets forth allegations without any corresponding date or defined time period and without identifying any of the

"providers" referenced in paragraph 20; as such, Defendant is without sufficient knowledge regarding the allegations and, thus, denies the same. Answering further, Defendant is without sufficient knowledge regarding the medical care and treatment Plaintiff actually received and, thus, denies the allegations set forth in paragraph 20 of the Complaint.

21.    Deny.

22.    Paragraph 22 of the Complaint sets forth allegations without any specific corresponding date and without identifying the person(s) who made the statements alleged in paragraph 22; as such, Defendant is without sufficient knowledge regarding the allegations and, thus, denies the same. Answering further, Defendant denies that it unlawfully denied or interfered with any rights Plaintiff purportedly had under the FMLA or Florida's Workers' Compensation Law.

23.    See Defendant's answer to paragraph 22 of the Complaint (above). Defendant further answers that it is without sufficient knowledge of Plaintiff's purported emotions or mental state at the unspecified time in question and, thus, denies the same.

24.    Defendant is without sufficient knowledge of Plaintiff's purported injury or aggravation alleged in paragraph 24 of the Complaint and, thus, denies the allegations set forth in paragraph 24.

25.    See Defendant's answer to paragraph 24 of the Complaint (above). Moreover, paragraph 25 of the Complaint sets forth allegations without any specific corresponding date and without identifying the person(s) to whom Plaintiff supposedly

provided the alleged notice; as such, Defendant is without sufficient knowledge regarding the allegations and, thus, denies the same. Answering further, Defendant denies that it unlawfully denied or interfered with any rights Plaintiff purportedly had under the FMLA or Florida's Workers' Compensation Law.

26.     See Defendant's answer to paragraphs 24 and 25 of the Complaint (above). Moreover, paragraph 26 of the Complaint sets forth allegations without any specific corresponding date and without identifying the person(s) who supposedly ignored Plaintiff's alleged work-related restrictions and/or required him to perform the alleged work that supposedly exceeded his purported work restrictions. As such, Defendant is without sufficient knowledge regarding the allegations and, thus, denies the same. Answering further, Defendant denies that it unlawfully denied or interfered with any rights Plaintiff purportedly had under the FMLA or Florida's Workers' Compensation Law.

27.     Paragraph 27 of the Complaint sets forth allegations without any specific corresponding date or time period; as such, Defendant is without sufficient knowledge regarding the allegations and, thus, denies the same. Moreover, Defendant is without sufficient knowledge regarding Plaintiff's purported feeling of physical pain and suffering during this unidentified time and, thus, denies the same.

28.     Paragraph 28 of the Complaint sets forth allegations without any specific corresponding date and without identifying the person(s) to whom Defendant supposedly complained or the person(s) who supposedly "insisted he continue to perform activities beyond his" alleged restrictions. As such, Defendant is without

sufficient knowledge regarding the allegations and, thus, denies the same.  Answering further, Defendant denies that it unlawfully denied or interfered with any rights Plaintiff purportedly had under the FMLA or Florida's Workers' Compensation Law.

29.    Paragraph 29 of the Complaint appears to paste a partial excerpt of a document that is not entirely legible to undersigned counsel and without attaching or incorporating a full, true, and accurate copy of the same or identifying the "healthcare providers" who purportedly authored the partial excerpt.  Therefore, Defendant is without sufficient knowledge and, thus, denies the allegations as set forth in paragraph 29.

30.    Plaintiff does not identify to whom he supposed "reported" his pain level. Defendant is without sufficient knowledge as to the allegations set forth in paragraph 30 and, thus, denies the same.

31.    Defendant is without sufficient knowledge as to the allegations set forth in paragraph 31 and, thus, denies the same.

32.    Defendant is without sufficient knowledge as to the allegations set forth in paragraph 32 and, thus, denies the same.

33.    Paragraph 33 of the Complaint sets forth allegations without any specific corresponding date and without identifying the person(s) who supposedly "directed Mr. Matdonado to return to work."   As such, Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 33 and, thus, denies the same.  Answering further, Defendant denies that it unlawfully denied or interfered

with any rights Plaintiff purportedly had under the FMLA or Florida's Workers' Compensation Law.

34.    Paragraph 34 of the Complaint does not identify the person(s) who supposedly required Plaintiff to drive nor the nature of such purported travel.  As such, Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 34 and, thus, denies the same.  Answering further, Defendant denies that it unlawfully denied or interfered with any rights Plaintiff purportedly had under the FMLA or Florida's Workers' Compensation Law.

35.    Paragraph 35 of the Complaint does not describe Plaintiff's purported "driving responsibilities" nor identify the person who supposedly "had to assume" such responsibilities.  Further, Defendant is without knowledge as to the intended meaning of the phrase "in such bad shape" as used in paragraph 35 of the Complaint. As a result, Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 35 and, thus, denies the same.  Answering further, Defendant denies that it unlawfully denied or interfered with any rights Plaintiff purportedly had under the FMLA or Florida's Workers' Compensation Law.

36.    Deny.

37.    Paragraph 37 of the Complaint appears to paste a partial excerpt of a document that is not entirely legible to undersigned counsel and without attaching or incorporating a full, true, and accurate copy of the same or identifying the "healthcare providers" who purportedly authored the partial excerpt.  Therefore, Defendant is

without sufficient knowledge and, thus, denies the allegations as set forth in paragraph 37.

38.     Paragraph 38 of the Complaint sets forth allegations without any specific corresponding date and without identifying the workers' compensation carrier at issue; as such, Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 38 and, thus, denies the same.  Answering further, Defendant denies that "Defendant's workers' compensation carrier communicated" to Defendant the alleged notice.

39.     Paragraph 39 of the Complaint sets forth allegations without any specific corresponding date.  Defendant admits that Mr. Matdonado met with Mr. and/or Mrs. Scherer at some point, but denies that the alleged statement set forth in paragraph 39 is a true, accurate, and complete statement from any such meeting.

40.     See Defendant's answer to paragraph 39 (above).

41.     Defendant admits that at some point, Plaintiff filed a petition for workers' compensation benefits through, and/or with the assistance of, counsel.

42.     Deny.

43.     Deny.

44.     Defendant is without knowledge as to the intended meaning of the phrase "All conditions precedent were performed by Mr. Matdonado, occurred, or were waived by Defendant" as used in paragraph 44 of the Complaint and, thus, denies the same.  Answering further, Defendant specifically denies that it waived any condition precedent.

## COUNT I – INTERFERENCE WITH FMLA RIGHTS

Defendant incorporates and realleges its responses to paragraphs 1 through 44 of the Complaint.

45.    Paragraph 45 states a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the same while also noting that Defendant is without knowledge as to the intended meaning of the phrase "in each relevant 12-month period" as used in paragraph 45 of the Complaint.

46.    Paragraph 46 of the Complaint sets forth allegations without any corresponding date and without identifying the person(s) whom Plaintiff supposedly "informed" about his purported need to miss work.  As such, Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 46 and, thus, denies the same.

47.    Paragraph 47 of the Complaint sets forth allegations without any corresponding date and without identifying the person(s) whom Plaintiff supposedly "notified" of his purported need to take a leave of absence.  As such, Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 47 and, thus, denies the same.

48.    Paragraph 48 of the Complaint sets forth allegations without any corresponding date and without identifying the person(s) whom Plaintiff supposedly "notified" of his purported need to take a leave of absence.  As such, Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 48 and, thus, denies the same.

49.    See Defendant's answers to paragraphs 45 – 48 of the Complaint (above). Paragraph 49 sets forth allegations without any corresponding date, without identifying the person(s) Plaintiff supposedly "informed" about his purported need to miss work, nor a description of his purported "serious health condition(s)."  As such, Defendant does not have sufficient information to answer paragraph 49.  Moreover, paragraph 49 states a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the same.

50.    See Defendant's answers to paragraphs 45 – 49 of the Complaint (above). Paragraph 50 sets forth allegations without any corresponding date, without identifying or describing his purported "serious health condition," and without identifying "his health care providers." As such, Defendant does not have sufficient information to answer paragraph 50.  Moreover, Paragraph 50 states a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the same.

51.    See Defendant's answers to paragraphs 45 – 51 of the Complaint (above). Paragraph 51 sets forth allegations without any corresponding date or any description of how Defendant purportedly interfered with Plaintiff's "ability to take intermittent and/or extended leave." As such, Defendant does not have sufficient information to answer paragraph 51.  Moreover, Paragraph 51 states a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the same.

52.    See Defendant's answers to paragraph 51 of the Complaint (above). Paragraph 51 sets forth allegations without any corresponding date or any description of how Defendant purportedly interfered with Plaintiff's unspecified "protected leave" under the FMLA.  As such, Defendant does not have sufficient information to answer paragraph 52.  Moreover, Paragraph 52 states a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the same.

53.    Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 53 and, thus, denies the same.

54.    See Defendant's answers to paragraphs 45 – 52 of the Complaint (above). Paragraph 54 sets forth allegations without any corresponding date or any description of how Defendant purportedly interfered with Plaintiff's "ability to take FMLA leave." Defendant is also without knowledge as to the intended meaning of the phrase "a reasonable or good faith basis" as used in paragraph 54 of the Complaint.  For the foregoing reasons, Defendant does not have sufficient information to answer paragraph 54.  Moreover, Paragraph 54 appears to state a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations set forth in paragraph 54.

55.    See Defendant's answers to paragraphs 45 – 52 and 54 of the Complaint (above).  Paragraph 55 sets forth allegations without any corresponding date or any description of Defendant's alleged "interference with the protected leave" to which Plaintiff was purportedly entitled. As such, Defendant does not have sufficient information to answer paragraph 55.  Moreover, Paragraph 55 appears to state a legal

conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations set forth in paragraph 55.

WHEREFORE, Defendant requests this Court deny Plaintiff's requested judgment and, instead, enter a judgment in Defendant's favor and award Defendant its costs, reasonable attorneys' fees, all applicable interest, and any further relief this Court deems just and appropriate under the circumstances.

## COUNT II – FAILURE TO NOTIFY OF FMLA RIGHTS

Defendant incorporates and realleges its responses to paragraphs 1 through 44 of the Complaint.

62.    Paragraph 62 of the Complaint sets forth allegations regarding a "Mr. Alfonso" who is not a party to this case nor otherwise described in Plaintiff's Complaint; and Defendant has no knowledge of "Mr. Alfonso" or the allegations set forth in paragraph 62.  As such, Defendant does not have sufficient information to answer paragraph 62.

63.    Paragraph 63 of the Complaint sets forth allegations without any corresponding date or time period.  As such, Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 63 and, thus, denies the same.  Answering further, Defendant denies that it unlawfully denied or interfered with any rights Plaintiff purportedly had under the FMLA or otherwise violated the Act with respect to Plaintiff's employment with Defendant.

64.    Paragraph 64 of the Complaint sets forth allegations without any corresponding date or time period.  As such, Defendant is without sufficient

knowledge regarding the allegations set forth in paragraph 64 and, thus, denies the same.  Answering further, Defendant denies that it unlawfully denied or interfered with any rights Plaintiff purportedly had under the FMLA or otherwise violated the Act with respect to Plaintiff's employment with Defendant.

65.    Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 65 and, thus, denies the same.

66.    See Defendant's answers to paragraphs 63 – 64 of the Complaint (above).  Paragraph 66 sets forth allegations without any corresponding date or any description of how Defendant purportedly failed "to notify [Plaintiff] of his rights under the FMLA leave [sic]."  Defendant is also without knowledge as to the intended meaning of the phrase "a reasonable or good faith basis" as used in paragraph 66 of the Complaint.  For the foregoing reasons, Defendant does not have sufficient information to answer paragraph 66.  Moreover, paragraph 66 appears to state a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations set forth in paragraph 66.

67.    See Defendant's answers to paragraphs 63 – 64 of the Complaint (above).  Paragraph 67 sets forth allegations without any corresponding date or any description of Defendant's alleged "failure to notify [Plaintiff] of his rights under the FMLA."  As such, Defendant does not have sufficient information to answer paragraph 67.  Moreover, paragraph 67 appears to state a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations set forth in paragraph 67.

WHEREFORE, Defendant requests this Court deny Plaintiff's requested judgment and, instead, enter a judgment in Defendant's favor and award Defendant its costs, reasonable attorneys' fees, all applicable interest, and any further relief this Court deems just and appropriate under the circumstances.

## COUNT III – UNLAWFUL FMLA RETALIATION

Defendant incorporates and realleges its responses to paragraphs 1 through 44 of the Complaint.

68.     Paragraph 68 states a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the same while also noting that Defendant is without knowledge as to the intended meaning of the phrase "in each relevant 12-month period" as used in paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint sets forth allegations without any corresponding date and without identifying the person(s) whom Plaintiff supposedly "informed" about his purported need to miss work.  As such, Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 69 and, thus, denies the same.

70.     Paragraph 70 of the Complaint sets forth allegations without any corresponding date and without identifying the person(s) whom Plaintiff supposedly "notified" of his purported need to take a leave of absence.  As such, Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 70 and, thus, denies the same.

71.    Paragraph 71 of the Complaint sets forth allegations without any corresponding date and without identifying the person(s) whom Plaintiff supposedly "notified" of his purported need to take a leave of absence.  As such, Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 71 and, thus, denies the same.

72.    See Defendant's answers to paragraphs 68 – 71 of the Complaint (above). Paragraph 72 sets forth allegations without any corresponding date, without identifying the person(s) Plaintiff supposedly informed about his purported need to miss work, nor a description of his purported "serious health condition(s)."  As such, Defendant does not have sufficient information to answer paragraph 72.  Moreover, paragraph 72 states a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations set forth in paragraph 72.

73.    See Defendant's answers to paragraphs 68 – 72 of the Complaint (above). Paragraph 73 sets forth allegations without any corresponding date, without identifying or describing his purported "serious health condition," and without identifying "his health care providers." As such, Defendant does not have sufficient information to answer paragraph 73.  Moreover, paragraph 73 states a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations set forth in paragraph 73.

74.    Paragraph 74 sets forth allegations without any corresponding date, without identifying or describing his purported "serious health condition," and without identifying "his health care providers." As such, Defendant does not have

16

sufficient information to answer paragraph 74. Answering further, Defendant denies that it constructively terminated Plaintiff or otherwise retaliated against him in violation of the FMLA.

75.    Defendant is without sufficient knowledge regarding the allegations set forth in paragraph 75 and, thus, denies the same.

76.    See Defendant's answers to paragraph 74 of the Complaint (above). Paragraph 76 sets forth allegations without any corresponding date with respect to the alleged retaliation. Defendant is also without knowledge as to the intended meaning of the phrase "a reasonable or good faith basis" as used in paragraph 76 of the Complaint. For the foregoing reasons, Defendant does not have sufficient information to answer paragraph 76. Moreover, paragraph 76 appears to state a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations set forth in paragraph 76.

77.    See Defendant's answers to paragraph 74 of the Complaint (above). Paragraph 77 sets forth allegations without any corresponding date with respect to the alleged retaliation. As such, Defendant does not have sufficient information to answer paragraph 77. Moreover, paragraph 77 appears to state a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations set forth in paragraph 77.

WHEREFORE, Defendant requests this Court deny Plaintiff's requested judgment and, instead, enter a judgment in Defendant's favor and award Defendant

its costs, reasonable attorneys' fees, all applicable interest, and any further relief this Court deems just and appropriate under the circumstances.

## COUNT IV - VIOLATION(S) OF FLA. STAT. SECTION 440.205

Defendant incorporates and realleges its responses to paragraphs 1 through 44 of the Complaint.

78.    Paragraph 78 sets forth allegations without any corresponding date, without identifying the person(s) Plaintiff supposedly informed about his purported "work injury," nor a description of his purported "work injury."  As such, Defendant does not have sufficient information to answer paragraph 78.  Moreover, paragraph 78 states a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations set forth in paragraph 78.

79.    Paragraph 79 states a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations set forth in paragraph 79.

80.    Paragraph 80 states various legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations set forth in paragraph 80.

81.    Paragraph 81 sets forth allegations without any corresponding date and without identifying the person(s) to whom Plaintiff supposedly made his request(s).  As such, Defendant does not have sufficient information to answer paragraph 81.

82.    See Defendant's answer to paragraph 81 of the Complaint (above). Paragraph 82 sets forth allegations without any corresponding date and without

identifying or describing Plaintiff's purported "restrictions" or the supposed "light duty work." As such, Defendant does not have sufficient information to answer paragraph 82. Moreover, paragraph 82 states a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations set forth in paragraph 82.

83.    Paragraph 83 sets forth allegations without any corresponding date and without identifying or describing Plaintiff's purported "restrictions" or the supposed "light duty work." As such, Defendant does not have sufficient information to answer paragraph 83. Answering further, Defendant denies that it ever violated Fla. Stat. § 440.205 with respect to Plaintiff.

84.    Paragraph 84 sets forth allegations without any corresponding date with respect to the same, without identifying "the workers' compensation physicians," and without identifying or describing Plaintiff's purported "work accident and resultant injuries," Plaintiff's purported "accommodations/restrictions of 'light duty,'" or Defendant's alleged "retaliatory actions." As such, Defendant does not have sufficient information to answer paragraph 84 and, thus, denies the same. Answering further, Defendant denies that it constructively terminated Plaintiff or otherwise retaliated against him in violation of Florida's workers' compensation law.

85.    Paragraph 85 sets forth allegations without any corresponding date with respect to Defendant's alleged "retaliatory actions." As such, Defendant does not have sufficient information to answer paragraph 84 and, thus, denies the allegations set forth therein. Answering further, Defendant denies that it retaliated against Plaintiff or

otherwise sought to discourage him or any other employee from pursuing a valid claim for compensation under Florida's Workers' Compensation Law.

86.    Paragraph 86 states a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations set forth in paragraph 86.    Moreover, paragraph 86 sets forth allegations without any corresponding date with respect to Defendant's alleged "unlawful, retaliatory conduct."    Defendant also lacks sufficient knowledge of Plaintiff's purported "emotional distress, humiliation, and mental anguish."    For the foregoing reasons, Defendant does not have sufficient information to answer paragraph 86 and, thus, denies the allegations set forth therein.    Answering further, Defendant denies that Plaintiff ever "lost his job, wages, fringe benefits, and paid time off" with respect to his employment with Defendant and denies that it ever retaliated against him in violation of Florida's workers' compensation law.

87.    Paragraph 87 of the Complaint sets forth allegations without any corresponding date or meaningful description with respect to "Mr. and/or Mrs. Scherer['s] intentional[] and malicious[] inten[t] to discourage, coerce, and retaliate against" Plaintiff.    Defendant also lacks sufficient knowledge of Plaintiff's purported "pain and suffering" or the intended meaning of the term "exaggerating" as used in paragraph 87.    For the foregoing reasons, Defendant does not have sufficient information to answer paragraph 87 and, thus, denies the allegations set forth therein. Answering further, Defendant denies that it retaliated against Plaintiff or otherwise

sought to discourage or coerce him from pursuing any valid claim for compensation under Florida's Workers' Compensation Law.

88.    Paragraph 88 of the Complaint states legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations set forth in paragraph 88.  Moreover, paragraph 88 and Plaintiff's subsequent "WHEREFORE" paragraph do not comply with Florida's procedural and pleading standard for punitive damages under Fla. Stat. § 768.72.  Thus, paragraph 88 and all references to "punitive damages" in the Complaint should be stricken.

WHEREFORE, Defendant requests this Court enter a judgment denying Plaintiff's requested judgment and striking Plaintiff's improper request for punitive damages and, instead, enter a judgment in Defendant's favor and award Defendant its costs, all applicable interest, and any further relief this Court deems just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Defendant makes no response to Plaintiff's demand for a jury trial because no response is required.

## GENERAL DENIAL

Defendant denies all allegations in the Complaint that have not been specifically admitted.

## AFFIRMATIVE DEFENSES

Defendant alleges the following defenses and reserves the right to plead additional defenses as may be revealed during the course of discovery.

21

1.      As a matter of law, the Complaint does not contain sufficient allegations of ultimate fact, as opposed to conclusory allegations, to state a claim of interference or retaliation under the FMLA or retaliation under Florida's Workers' Compensation Law.

2.      Plaintiff fails to state a cause of action under Counts I, II, or III because the Complaint fails to adequately allege or plead employer coverage or employee eligibility under the FMLA.

3.      Plaintiff fails to state a cause of action under Counts I or II because the Complaint fails to adequately allege or plead a qualifying event under the FMLA.

4.      Plaintiff fails to state a cause of action under Counts I or II because the Complaint fails to adequately allege or plead Defendant's denial of a benefit to which Plaintiff was entitled under the FMLA nor any resultant damage.

5.      Plaintiff cannot state a cause of action under Counts I or II for FMLA interference to the extent such claims rely on Defendant's alleged retaliatory actions set forth under Plaintiff's separate FMLA retaliation claim under Count III.

6.      To the extent Plaintiff seeks damages in connection with Counts I or II, Plaintiff failed to mitigate his damages, if any, and is not entitled to relief.

7.      Plaintiff fails to state a cause of action under Count II for alleged failure to timely provide FMLA notice to Plaintiff because Plaintiff has not plead or alleged, and cannot prove, and related damage from such alleged omission.

8.     Plaintiff fails to state a cause of action under Count III because the Complaint fails to adequately allege or plead protected activity or unlawful retaliation under the FMLA.

9.     Plaintiff fails to state a cause of action under Count III because the Complaint fails to adequately allege or plead, and Plaintiff cannot prove, that Defendant intentionally discriminated or retaliated against Plaintiff for exercising his FMLA rights.

10.     Plaintiff fails to state a cause of action under Count IV because the Complaint fails to adequately allege or plead protected activity or unlawful retaliation under Fla. Stat. § 440.205.  Additionally, Plaintiff cannot state a cause of action under Count IV to the extent he did not file or attempt to file a valid claim for compensation under Florida's Workers' Compensation Law.

11.     Plaintiff fails to state a cause of action under Fla. Stat. § 440.205 for alleged failure to timely submit or provide certain workers' compensation documentation or notice given that Plaintiff has not plead or alleged, and cannot prove, and related damage from such alleged omission.

12.     With respect to Counts I, II, and III under the FMLA, as a matter of law, Plaintiff is not entitled to, and cannot seek, any special or consequential damages, nominal damages, emotional distress damages, or punitive damages.

13.     Any claims for liquidated damages under the FMLA are barred because Defendant at all times acted in good faith and with reasonable grounds to believe the relevant actions did not violate the FMLA.

14.     With respect to Count IV under Florida's Workers' Compensation Law, the Complaint does not comply with Florida's applicable procedural and pleading standard for punitive damages under Fla. Stat. § 768.72.  There is plainly no evidence in the record whatsoever, let alone sufficient record evidence to support a reasonable basis for recovery of punitive damages.  Moreover, Plaintiff has not sought, nor been granted, leave to assert a claim for punitive damages.  Accordingly, Plaintiff cannot seek or recover "punitive damages" under Count IV.

15.     Plaintiff improperly requests reinstatement and front pay and related damages.  Plaintiff cannot obtain reinstatement and recover front pay and related damages.

16.     Any and all actions taken by Defendant with regard to Plaintiff were for legitimate, non-retaliatory reasons and Defendant has not willfully, intentionally, or with specific intent, violated any of Plaintiff's rights under any statute or provision under which Plaintiff's alleged causes of action could be brought.  Indeed, Defendant acted with reasonable grounds for believing that its actions did not violate any laws.  Defendant has neither taken nor ratified any action with retaliatory purpose or intent, but rather has acted in good faith, has not authorized any action prohibited by law with respect to Plaintiff's employment.  Defendant's actions were justified and were the result of reasonable factors, information presently available, and bona fide occupational business requirements necessary to the performance of business functions.

17.     At all times material hereto, Plaintiff was in *pari dilecto* with Defendant.

18.    At all times material hereto, any damages purportedly sustained by Plaintiff were not proximately caused by Defendant but caused by intervening acts of others, including Plaintiff, who provided the information at issue and/or was the source thereof. The alleged acts of Defendant were not a proximate cause of any damage to Plaintiff.

19.    Plaintiff's alleged damages, if any, are too speculative to ascertain.

20.    While Defendant denies that Plaintiff is entitled to any damages, Plaintiff's alleged damages are barred, in whole or in part, to the extent he failed to adequately mitigate his damages.  Plaintiff has an obligation to utilize reasonable diligence to mitigate his damages, including, but not limited to, seeking comparable employment elsewhere. To the extent that Plaintiff has earned income from employment, workers' compensation benefits, has not earned income due to his failure to use diligence in seeking and/or maintaining employment, or otherwise failed to mitigate damages, Defendant is not liable to Plaintiff for such sums that he did or could have earned.

21.    To the extent that Plaintiff's claims are barred by the applicable statute of limitations, he is not entitled to relief.

22.    Defendants assert that if any acts or omissions which may be found to be in violation of any rights afforded Plaintiff under the FMLA or Florida's Workers' Compensation Law were inadvertent and not willful but rather occurred in good faith with reasonable grounds for believing Defendant was in full compliance with the

25

applicable law.  As such, the statute of limitations for Plaintiff's FMLA claims can be no longer than two years.

23.    While denying any liability and denying Plaintiff's alleged damages, Defendant is entitled to set-off of any monetary liability for any funds Plaintiff owes to Defendant or for which he is otherwise liable and/or for any settlements or related funds Plaintiff received that were for, or include, any of the damages Plaintiff now seeks in this action.

24.    While Defendant denies that Plaintiff is entitled to any damages, Plaintiff's alleged damages are barred, in whole or in part, by the after-acquired evidence doctrine.

25.    While Defendant denies Plaintiff's claim, Defendant further states that any recovery Plaintiff seeks is barred, in whole or in part, by Plaintiff's own contributory and/or comparative negligence or culpable conduct.  To the extent Plaintiff suffered any damages or losses for which he seeks to hold Defendant responsible, those damages or losses were caused, at least in part, by Plaintiff's own acts, omissions, and conduct, or the acts, omissions, and conduct of third parties.

26.    Plaintiff's claims and/or damages are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands.

27.    To the extent that Plaintiff has brought duplicative claims, whether in this action or any other legal action, he is not entitled to duplicative recovery.

WHEREFORE, the Defendant, TRUST ROOFING, INC., requests this Honorable Court enter judgment: (1) that Plaintiff take nothing by this action, denying the Plaintiff's prayer for relief; (2) dismissing the Complaint and all claims therein with prejudice; (3) in favor of Defendant; and (4) awarding Defendant all applicable attorney's fees, costs, and interest pursuant to the relevant statutes and the Federal Rules of Civil Procedure, and (5) such other relief available in law or equity as deemed just and proper.

Respectfully submitted,

*/s/ Benjamin S. Briggs*
BENJAMIN S. BRIGGS
Florida Bar No. 113814
BENJAMIN W. BARD
Florida Bar No. 95514
**ADAMS AND REESE LLP**
100 N. Tampa Street, Suite 4000
Tampa, Florida 33602
Tel: (813) 402-2880 / Fax: (813) 402-2887
Ben.briggs@arlaw.com
Benjamin.bard@arlaw.com
Elaine.glotz@arlaw.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the CM/ECF System, which will automatically serve a copy via electronic mail delivery to all counsel of record, on this 26th day of December, 2024.

*/s/ Benjamin S. Briggs*
Attorney