UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-CV-2687-WFJ-AAS

FRANCISCO MATDONADO,

    Plaintiff,

vs.

TRUST ROOFING, INC.,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DEEM CERTAIN "AFFIRMATIVE DEFENSES" AS DENIALS

Plaintiff, Francisco Matdonado ("Mr. Matdonado"), through his undersigned counsel and pursuant to Rules 8(a) and 12(f) of the Federal Rules of Civil Procedure, Local Rule 3.01, and other applicable Rules and laws, requests that the Court enter an Order striking Affirmative Defenses Nos. 21 and 25 asserted by Defendant, Trust Roofing, Inc. ("Defendant"), and deeming Affirmative Defenses Nos. 2, 3, 8, 10, and 14 as denials based on the following good cause:

## MOTION

1

1. Mr. Matdonado sued Defendant for violating: (i) the Family and Medical Leave Act ("FMLA") by unlawfully interfering with his ability to exercise the rights afforded to him under the FMLA, failing to notify him of those rights, and retaliating against him for attempting to exercise those rights; and (ii) the Florida Workers' Compensation Act, Fla. Stat. § 440.205 ("FWCA"), by retaliating against Mr. Matdonado for pursuing a valid workers' compensation claim as a result of injuries he sustained while working for Defendant. *See* D.E. 1.

2. Defendant responded to the Complaint by filing its Answer in which it asserted twenty-seven (27) defenses. *See* D.E. 13 at 22-26.

3. Affirmative Defenses Nos. 21 and 25 asserted by Defendant are properly stricken under Fed. R. Civ. P. 12(f), which permits the Court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

4. Additionally, Affirmative Defenses Nos. 2, 3, 8, 10, and 14 aim to attack the sufficiency of the Complaint rather than admitting the factual allegations asserted therein, and should be treated as denials rather than affirmative defenses.

WHEREFORE Plaintiff, Francisco Matdonado, requests that the Court enter an Order striking Affirmative Defenses Nos. 21, and 25 pled by Defendant, Trust

2

Roofing, Inc., and holding that Affirmative Defenses Nos. 2, 3, 8, 10, and 14 must be treated as specific denials based on the foregoing Motion and the following Memorandum of Law, and to award such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

### I. INTRODUCTION

Mr. Matdonado sued Defendant, his former employer, for the above-mentioned violations of the FMLA and FWCA. In response to the Complaint, Defendant then asserted twenty-seven (27) "Affirmative Defenses" which are the subject of this motion. However, several of the "Affirmative Defenses" asserted by Defendant either amount to mere denials or are inapplicable to the claims at issue in this lawsuit. To streamline these proceedings, avoid subsequent dispositive motions over the viability of defenses, and avoid much of the back-and-forth that occurs at the pretrial conference arguing over whether defenses are viable, Mr. Matdonado requests that the Court strike Affirmative Defenses Nos. 21 and 25 as

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

insufficient defenses or as redundant, immaterial, and/or impertinent, and deem Affirmative Defenses Nos. 2, 3, 8, 10, and 14 to be specific denials rather than affirmative defenses.

## II.  THE LAW

Rule 12(f) of the Federal Rules of Civil Procedure expressly states, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999).

"A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F.Supp. 992, 1000 (M.D. Fla. 1976).)

As summarized by the Court in *S.D. v. St. Johns County Sch. Dist.*, 2009 WL 1941482, at *1 (M.D. Fla. July 7, 2009), "An 'immaterial matter' is one that has no

4

important relationship to the claim or defense and an 'impertinent' matter is one that does not pertain to the issue(s) in question." Citing *126th Avenue Landfill, Inc. v. Pinellas County,* 2009 WL 1544030, at *2–3 (M.D. Fla. June 3, 2009); *also citing* Wright & Miller Wright & Miller, Federal Practice & Procedure: Civil § 1382 at 458–63 (3d ed. 2004). In responding to a pleading, a party must admit or deny the allegations asserted against it by an opposing party. Fed. R. Civ. P. 8(b)(1)(B).

Although a defendant is not obligated to set forth detailed and particular facts, Rule 8(a) of the Federal Rules of Civil Procedure requires a Defendant to nonetheless give "fair notice" of the defense and "the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *accord Conley v. Gibson*, 355 U.S. 41, 47 (1957). This means that a defendant's affirmative defense "must do more than make conclusory allegations." An affirmative defense must be stricken when it is "insufficient as a matter of law". *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

Further, "[a]ffirmative defenses that do not admit the complaint's factual

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

allegations, but are vehicles to attack the sufficiency of the complaint are treated as denials" rather than affirmative defenses. *Reese v. Fla. BC Holdings, LLC*, 2017 U.S. Dist. LEXIS 215514, 2017 WL 8812778, at *2 (M.D. Fla. Nov. 28, 2017).

### III.  ARGUMENT

### Second Affirmative Defense

**Plaintiff fails to state a cause of action under Counts I, II, or III because the Complaint fails to adequately allege or plead employer coverage or employee eligibility under the FMLA.**

In Affirmative Defense No. 2, rather than accepting as true the allegations set forth in Mr. Matdonado's Complaint, Defendant attacks the sufficiency of the pleading by stating that the Complaint fails to allege or plead employer coverage or employee eligibility under the FMLA.

"The FMLA defines an 'employer' as 'any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.'" *Cardinale v. S. Homes of Polk County, Inc.*, 2008 U.S. Dist. LEXIS 21716, at *7-8 (M.D. Fla. Mar. 18, 2008) (quoting 29 U.S.C. § 2611(4)(A)(i)). Additionally, the FMLA defines an "eligible employee" as an individual who has been employed by a covered employer for at least 12 months,

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

"for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A).

The Complaint plainly states that "Defendant employed at least 50 employees for at least 20 weeks during each week relevant to the claims", thereby satisfying the pleading standard for alleging employer coverage. D.E. 1 at ¶ 4. It further satisfies the pleading standard for employee eligibility at paragraphs 9, 21, 45, 56, and 68 by stating that Mr. Matdonado worked for Defendant for at least 12 months, for at least 1,250 hours during each 12-month period preceding his requested leave.

Here, although the Complaint clearly pleads the requisite elements for employer coverage and employee eligibility under the FLSA, Defendant denies the same rather than accepting these allegations as true. Here, Defendant merely "attack[s] the sufficiency of the complaint". *U.S. Commodity Futures Trading Comm'n v. Montano*, 2019 U.S. Dist. LEXIS 39852, 2019 WL 568393, at *1 (M.D. Fla. Feb. 1, 2019). Therefore, Affirmative Defense No. 2 must be treated as a denial rather than an affirmative defense.

### Third Affirmative Defense

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**Plaintiff fails to state a cause of action under Counts I or II because the Complaint fails to adequately allege or plead a qualifying event under the FMLA.**

Similarly to Affirmative Defense No. 2, No. 3 fails to accept the allegations of the Complaint as true and provide some other lawful justification for the violations at issue—although the Complaint adequately alleges qualifying events at paragraphs 16, 20-23, 26, 32-34, 36, and 62-64. Rather, this defense again attacks the sufficiency of the pleading and should therefore be treated as a denial rather than an affirmative defense.

### Eighth Affirmative Defense

**Plaintiff fails to state a cause of action under Count III because the Complaint fails to adequately allege or plead protected activity or unlawful retaliation under the FMLA.**

Again, Affirmative Defense No. 8 cannot be deemed an affirmative defense, as it fails to accept Mr. Matdonado's allegations of protected activity and unlawful retaliation. Here, the Complaint sets forth sufficient allegations constituting protected activity under the FMLA at paragraphs 16-17, 22, and 69, and unlawful retaliation at paragraph 74. Rather than accepting these allegations as true and providing some lawful justification for the actions described, this "defense" simply cuts toward the pleading requirements of protected activity and retaliation under

8

the FLSA. Accordingly, Affirmative Defense No. 8 must be treated as a denial rather than an affirmative defense.

### Tenth Affirmative Defense

Plaintiff fails to state a cause of action under Count IV because the Complaint fails to adequately allege or plead protected activity or unlawful retaliation under Fla. Stat. § 440.205. Additionally, Plaintiff cannot state a cause of action under Count IV to the extent he did not file or attempt to file a valid claim for compensation under Florida's Workers' Compensation Law.

Similar to Affirmative Defense No. 8, No. 10 is directed toward the technical pleading requirements under the FWCA, rather than accepting the Complaint's allegations as true and providing some lawful justification for the actions complained of. Accordingly, Affirmative Defense No. 10 must be treated as a denial.

### Fourteenth Affirmative Defense

With respect to Count IV under Florida's Workers' Compensation Law, the Complaint does not comply with Florida's applicable procedural and pleading standard for punitive damages under Fla. Stat. § 768.72. There is plainly no evidence in the record whatsoever, let alone sufficient record evidence to support a reasonably basis for recovery of punitive damages. Moreover, Plaintiff has not sought, nor been granted, leave to assert a claim for punitive damages. Accordingly, Plaintiff cannot seek or recover "punitive damages" under Count IV.

9

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Affirmative Defense No. 14 must also be treated as a denial given its focus on the technical pleading requirements set forth under Fla. Stat. § 768.72, rather than accepting the Complaint's allegations as true, and providing some other lawful justification for the claims at issue. The Complaint alleges Defendant's conduct which justifies an award of punitive damages by demonstrating Defendant's "lack of care, reckless disregard for [Mr. Matdonado's] safety, and conscious indifference to consequences sufficient to meet the test established for punitive damages" at paragraphs 16, 21-22, 26, 28, 33, and 36. *Rease v. Anheuser-Busch, Inc.*, 644 So. 2d 1382, 1388 (Fla. 1st DCA 1994); *see Cypress Aviation, Inc. v. Bollea*, 826 So. 2d 1091 (Fla. 2d DCA 2002). Accordingly, this defense cannot be deemed an "affirmative defense," but rather a mere denial.

### Twenty-First Affirmative Defense

**To the extent that Plaintiff's claims are barred by the applicable statute of limitations, he is not entitled to relief.**

Although each violation of the FMLA and FWCA described in the Complaint clearly falls within the applicable statutes of limitations prescribed under those acts, Defendant asserts the impertinent and frivolous defense that Mr. Matdonado's claims are time-barred.

10

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

In general, an FMLA plaintiff must initiate their action "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). However, if the employer acted willfully, the statute of limitations is extended to three years. *See* 29 U.S.C. § 2617(c)(2). Under the FMLA, Mr. Matdonado asserts claims for interference (Count I), failure to notify of FMLA rights (Count II), and retaliation (Count III). Mr. Matdonado suffered work injuries in November 2023 and January 2024 necessitating medical care, surgery, and postoperative restrictions which are the subject of Counts I and II. *See* D.E. 1 at ¶¶ 13-40. With respect to Count III, Mr. Matdonado alleges that Defendant retaliated against him for attempting to exercise his rights under the FMLA by constructively terminating his employment in January 2024. *See* D.E. 1 at ¶¶ 21, 74. Therefore, Mr. Matdonado's FMLA claims span from as early as November 2023—approximately one year before the filing of his Complaint on November 18, 2024. Undoubtedly, these claims fall within the two-year and three-year statutes of limitations under the FLSA.

Claims for retaliation under the FWCA "must be brought within four years of the allegedly retaliatory discharge." *Quince v. Broward Cty.*, 2020 U.S. Dist. LEXIS 14008, 2020 WL 409535, at *8 (S.D. Fla. Jan. 24, 2020) (citing *Scott v. Otis Elevator*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

*Co.*, 524 So. 2d 642, 643 (Fla. 1988)). Here too, Mr. Matdonado's claim of retaliation under the FWCA (Count IV) spanned from as early as November 2023 until as late as January 2024—well within the FWCA's four-year statutory period.

Given that each of Mr. Matdonado's claims under the FMLA and FWCA arose within approximately one year of the Complaint's filing, the Court properly strikes Affirmative Defense No. 21 as wholly impertinent to the claims at issue.

### Twenty-Fifth Affirmative Defense

**While Defendant denies Plaintiff's claim, Defendant further states that any recovery Plaintiff seeks is barred, in whole or in part, by Plaintiff's own contributory and/or comparative negligence or culpable conduct. To the extent Plaintiff suffered any damages or losses for which he seeks to hold Defendant responsible, those damages or losses were caused, at least in part, by Plaintiff's own acts, omissions, and conduct, or the acts, omissions, and conduct of third parties.**

The defenses of contributory and comparative negligence applicable to Florida negligence claims under Fla. Stat. § 768.81 are entirely irrelevant to Mr. Matdonado's claims under the FMLA and FWCA. As to Mr. Matdonado's claim for failure to notify at Count II, the FMLA imposes notice requirements upon a covered employer which applies a standard similar to strict liability, to which an employee's negligence cannot constitute a valid defense. *See* 29 C.F.R. § 825.300 ("Failure to follow the notice requirements set forth in this section may constitute an

12

interference with, restraint, or denial of the exercise of an employee's FMLA rights.") A review of FMLA caselaw within, and beyond, the Eleventh Circuit does not reveal contributory negligence or comparative negligence as a valid defense to these claims.

Similarly, based on the undersigned's review of applicable caselaw in and beyond this Circuit, no court has recognized contributory or comparative negligence as valid defenses to interference or retaliation under the FMLA, or to retaliation under the FWCA. The Court, therefore, properly strikes Affirmative Defense No. 25 as immaterial and impertinent to the claims at issue.

## IV. CONCLUSION

For the reasons set forth above, Mr. Matdonado requests that the Court enter an Order striking Affirmative Defenses Nos. 21 and 25, and holding that Affirmative Defenses Nos. 2, 3, 8, 10, and 14 must be treated as denials rather than affirmative defenses.

## LOCAL RULE 3.01(G) CERTIFICATION

I HEREBY CERTIFY that the undersigned has attempted to confer with counsel for Defendant on January 13, 2025 regarding the relief sought in this motion, and

13

that Defendant's counsel responded to this conferral attempt on January 15 and 16, 2025 but stated that he was unavailable to confer regarding the merits of this motion in advance of Plaintiff's January 16, 2025 deadline to file the foregoing under Fed. R. Civ. P. 12(f). It is therefore unknown whether Defendant objects to the relief sought herein.

Dated this 16th day of January 2025.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

14

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*